IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt)

In Re:

**THE HAGERSTOWN BLOCK COMPANY HAGERSTOWN CONCRETE PRODUCTS, INC.**

        Debtors

Jointly Administered
Case No.: 16-19880-TLC
Chapter 11

**OBJECTION TO AMENDED OBJECTION TO
CLAIM OF BRENDA SOLOMON (CLAIM NO. 8)**

**COMES NOW**, the Creditor, Brenda K. Solomon (hereinafter "Creditor"), by and through **KEITH R. HAVENS, ESQUIRE**, who objects to the Amended Objection to Claim of Brenda Solomon (Claim No. 8)("Objection") filed by the Debtors in this action. In support thereof, the Creditor states the following:

1. The claim of the Creditor should not be subordinated under 11 U.S.C. § 510(b).

2. The Debtors' position that the claim of the Creditor should be subordinated is based on their interpretation of 11 U.S.C. § 510(b) as set forth in In Re USA Commercial Mortgage Co., 377 B.R. 606 (9th Cir. BAP 2007) and In Re Tristar Esperanza Properties, LLC, 782 F.3d 492 (9th Cir. 2015). Neither the Ninth Circuit, Debtor's Counsel nor Counsel for the Creditor identify any other circuit court that has adopted the Ninth Circuit's holding in Tristar.[1]

3. Courts examining the treatment of creditors, similarly situated to the Creditor, have held that the requirement of 11 U.S.C. § 510(b) that a creditor's interest be subordinated is no longer applicable once the former shareholders (here former third party beneficiaries of a

---

[1] The case of In Re USA Commercial Mortgage Co., 377 B.R. 608 (9th Cir. BAP 2007), is not applicable because it deals solely with attempted rescission of a share purchase (a situation not present here) and because at the time of the bankruptcy filing, the creditors at issue in the case owned an equity interest in the debtor and only asserted unadjudicated claims for breach of contract and fraud (a situation not present here).

shareholder's interest) "divest themselves of 'all indicia of ownership.'"  In Re Mobile Tool International, Inc., 306 B.R. 778, 781 (Bank.Del 2004)(exchange of shares for promissory note constitutes divestment of all indicia of ownership in shares). In Mobile Tool, the court explained:

> Moreover, the Defendants' claims in this case do not resemble the type of transactions that section 510(b) seeks to subordinate.  The purpose of section 510(b) is to prevent shareholders, who assume the risk of a business' failure by investing in securities rather than debt instruments, from filing claims as creditors when the debtor does fail. [Baroda Hill Investments, Ltd. v. Telegroup, Inc., 281 F.3d] at 141.  The statute was designed to prevent stockholders from reaping the benefit of unlimited profits without also fully accepting the inherent risks of ownership, namely loss of their investment.

Id. at 782.  Here, as of the date of the bankruptcy filing, the Creditor was neither shareholders nor holders of a beneficial interest in shares, rather they held the right to payment of a sum certain. (See, Exhibit A attached to Creditor's Proof of Claim (Claim No. 8).)  Similarly, in In Re Marketxt Holdings Corp., 361 B.R. 369, 389 (Bankr. S.D.N.Y. 2007), the court explained that Section 510(b) "does not, in and of itself, give a trustee authority to recharacterize a claim based upon the creditor's past status as a stockholder".  The court in Marketxt further stated:

> Plaintiffs cite no authority for the proposition that a court may use § 510(b) to disregard a note held by a creditor to subordinate the claims based on the fact that, at some time in the past, the debt had it genesis in a stock interest.  The cases reject any such reading.  For example, in In re Montgomery Ward Holding Corp., 272 B.R. 836 (Bankr. D. Del. 2001), the Court considered a claim that originated prior to the bankruptcy through redemption of an issue of stock.  The debtor argued that the claim "arose from" the purchase of stock, but the Court rejected the contention, holding that the debtor's argument is premised on a distended interpretation of the causal relationship between the purchase or sale of the securities and the type of claim, subject to subordination.  The plain language of § 510(b) is more limited.  It applies only to a claim that directly concerns the stock transaction itself, i.e., the actual purchase and sale of the debtor's security must give rise to the contested claim.  In re Montgomery Ward Holding Corp., 272 B.R. at 842 [additional citations omitted].

Id. at 388-9.

> Softbank [the creditor at issue] may have taken an equity risk when it purchased preferred stock, but by the date of the initial bankruptcy petition it was a creditor, not an equity holder.  It is black letter law that claims are analyzed as of the date

> of the filing of the petition, not as of hypothetical date in the past.  See, 5 King et al., Collier on Bankruptcy ¶ 506.04 (15th ed. Rev. 2006). [Emphasis added.][2]

Id. at 389.  In the present case, the Creditor's claim had been adjudicated, (Disclosure Statement at 8-9), and the Creditor had ceased being a shareholder and instead is the holder of rights equivalent to debt.  (See, Exhibit A attached to Creditor's Proof of Claim (Claim No. 8).)  Indeed, the arbitration award on its face is essentially a debt instrument, ordering payment over time with interest.  (Id.)  Paraphrasing Mobile Tool "all indicia of ownership" were divested prior to the filing of this proceeding.  Therefore, the claim of the Creditor should be treated similarly to those of other generally unsecured creditors.

     4.     The Debtors' reliance on In Re Alta+Cast, LLC, 301 B.R. 150 (Bankr. D. Del. 2003) to rebut Mobile Tool is misplaced.[3]  As stated by the Debtors, Alta+Cast was issued one (1) year before Mobile Tool.  Further, the Court in Mobile Tool carefully differentiated its opinion in Mobile Tool from its opinion in Alta+Cast.  In Alta+Cast, the Debtor filed bankruptcy before the claims of its former employee, Mark Hays ("Hays") were adjudicated.  Alta+Cast, 301 B.R. at 152.  Accordingly, as of the filing of the Petition for Bankruptcy, Hays remained the holder of an interest in the Debtor.  In Mobile Tool, the Court stated:

> Once again, the facts of Alta+Cast are distinguishable from this case because no separate debt instrument was issued and the claimant did not change his status from owner to creditor.
>
> The fundamental concept in the cases cited by Plaintiffs is that the nexus or causal connection required to employ section 510(b) exists where stock is retained by the

---

[2] The same distinction was emphasized in In Re Cybersight LLC, No. 02-11033, Civ. A. 04-415 JJF, 2004 WL 2713098, at *4 (D.Del Nov. 17, 2004)("no material difference between the exchange of a promissory note for the equity interest" and a judgment; "[i]n both instantances, the claimants, pre-petition, were no longer able to participate in the benefit and risks associated with being equity holders of the debtors".)

[3] Although the Debtors have not cited Alta+Cast in their Objection, the Debtors cited Alta+Cast in their Memorandum in Support of Debtors' Disclosure Statement, which concerned the same legal issues that are before this Court on the instant Objection.  Accordingly, the Creditor anticipates that the Debtors will raise the same argument.

claimant. When the stock is exchanged and a separate debt instrument is issued by the debtor, however, the claimant is converted from an owner of stock to a creditor. Such is the case here.

Mobile Tool, 306 B.R. at 781.

5. The claims of the Creditor have a dual nature contained in the claim. The claim consist of an award for monetary damages and an award for attorney's fees. If this Court were to find that the award for monetary damages is subject to 11 U.S.C. § 510, the award for attorney's fees is not and that portion of the Creditor's claim should be treated similarly to those of the general unsecured creditors. "The relationship between a corporation and its shareholders is a contractual one." In Re Health Diagnostic Lab., Inc., 551 B.R. 218 (Bankr. E.D. Va 2016). Even if this Court were to find that the monetary damages claim of the Creditor is subject to subordination under 11 U.S.C. § 510(b), it is well settled that not all claims of a security holder are subject to subordination. In Re Angeles Corp., 177 B.R. 920 (Bankr. C.D. Cal. 1995). The claim of the Creditor for attorney's fees is based in contract. (Exhibit B to Creditor's Proof of Claim (Claim No. 8).) Accordingly, the claim for attorney's fees should not be subordinated pursuant to 11 U.S.C. § 510(b).

6. As is evident, the Creditor's Claim does not fall within the purview of 11 U.S.C. § 510(b). Accordingly, the Debtors' Objection should be denied.

**WHEREFORE**, in consideration of the foregoing, the Creditor respectfully requests that this Court:

1. Deny the Amended Objection to Proof of Claim of Brenda Solomon (Claim No. 8);

2. Grant the Creditor such additional and alternative relief as this Court deems appropriate.

          Respectfully submitted,

          /s/ Keith R. Havens
          Keith R. Havens, Esquire, #10909
          2401 Research Boulevard
          Suite 308
          Rockville, Maryland  20850
          Phone:  (301) 947-3330
          Facsimile: (301) 947-4497
          Keith.R.Havens@HavensLawFirm.com
          Attorney for Creditors, Brenda K. Solomon and
          Charlene R. West

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the foregoing Objection to Amended Objection to Proof of Claim of Brenda Solomon (Claim No. 8) was delivered via ECF, on this 17th day of March, 2017 to:

US Trustee's Office
6305 Ivy Lane
Suite 600
Greenbelt, MD 20770

James A. Vidmar, Esquire
10211 Wincopin Circle
Suite 500
Columbia, MD 21044

          /s/ Keith R. Havens
          Keith R. Havens, Esquire

C:\Users\Keith R. Havens\Documents\Bankruptcy\16BSolomon1_ObjectiontoAmendedObjectiontoPOC-Solomon.wpd